EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rosa Lydia Vélez y otros<br><br>Peticionario<br><br>v.<br><br>Departamento de Educación y otros<br><br>Recurrido | Certiorari<br><br>2017 TSPR 197<br><br>198 DPR ____ |

Número del Caso: CC-2017-570

Fecha: 6 de diciembre de 2017

Región Judicial de San Juan – Caguas, Panel IV

Abogados de la parte Peticionaria:

        Lcdo. José E. Torres Valentín
        Lcda. Marilucy González Báez
        Lcdo. José J. Nazario de la Rosa
        Lcdo. Carlos E. Gómez Menéndez

Materia: Resolución del Tribunal con Voto Particular de Conformidad y Voto Particular Disiente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa Lydia Vélez y otros

    Peticionario

      v.               Núm. CC-2017-570    *Certiorari*

Departamento de Educación
Y otros

    Recurrido


RESOLUCIÓN

En San Juan, Puerto Rico a 6 de diciembre de 2017.

Examinada la petición de *certiorari* presentada en el caso de epígrafe, se ordena el archivo administrativo de este asunto por este estar paralizado en virtud de la Sec. 301 (a) del Título III de PROMESA, 48 USC Sec. 2161 (a), hasta tanto una de las partes nos certifique que se ha levantado la paralización, ya sea por la conclusión del procedimiento de quiebras o mediante una solicitud a esos efectos, acorde permite la Sección 362(d) del Código de Quiebras.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez está conforme y hace constar la expresión siguiente:

Desde el 1990 la parte demandante ha solicitado en los tribunales de este país que el Departamento de Educación atienda los reclamos de los niños y niñas con necesidades especiales. Actualmente, queda pendiente la compensación por los daños que estos sufrieron debido a los actos ilegales del Estado Libre Asociado de Puerto Rico. De entrada, reconozco que estamos ante una reclamación monetaria. Éstas, como norma

general, están sujetas a la paralización automática dispuesta por la sección 301(a) del Título III del Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA). Aunque estimo que debemos ver más allá del texto simple de la ley e interpretarla de una manera que no produzca resultados injustos, en este caso, ambas partes solicitan la paralización del pleito. Por consiguiente, estimo que lo más adecuado es que sea el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico quien levante la paralización. Para ello, espero que el Tribunal tome en cuenta que el caso en poco, o en nada, afecta el proceso de quiebras, el carácter histórico y apremiante de este pleito judicial, y que su paralización solo atrasa la concesión del remedio legal que por tantos años llevan buscando las partes afectadas.

El Juez Asociado señor Martínez Torres emitió Voto Particular de Conformidad al que se unen el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Feliberti Cintrón. La Juez Asociada señora Rodríguez Rodríguez proveería no ha lugar sin más. El Juez Asociado señor Colón Pérez emitió Voto Particular Disidente al cual se une el Juez Asociado señor Estrella Martínez.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa Lydia Vélez y otros

    Peticionarios

       v.

                                 CC-2017-0570

Departamento de Educación

    Recurrido

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unieron los Jueces Asociados señores KOLTHOFF CARABALLO y FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 6 de diciembre de 2017.

Coincido con la decisión de este Tribunal de archivar este caso administrativamente hasta que las partes notifiquen que el procedimiento de quiebras ha concluido. Este Tribunal no se ha negado a expedir este recurso. Aquí ha ocurrido algo diferente, este Tribunal está impedido de expedir un auto en este caso de daños y perjuicios, porque una ley federal que el Congreso aprobó utilizando el poder que la Constitución le da sobre los territorios como Puerto Rico, nos privó de jurisdicción.

I

Como es conocido, el Congreso de Estados Unidos, en virtud del poder que le otorga la Cláusula Territorial de la Constitución de Estados Unidos, Art. IV, Sec.3, Const. EE. UU., LPRA, Tomo 1, aprobó el Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 USCA sec. 2101 et seq. El propósito de esta legislación fue establecer el proceso de reestructuración de la deuda de Puerto Rico. En aras de cumplir con este propósito, el Título III de PROMESA autoriza y establece el procedimiento que debe seguir el gobierno de Puerto Rico para presentar una petición de quiebra. Es por esto que el Título III de PROMESA incorporó las secciones 362 y 922 de la Ley de Quiebras federal, 11 USCA secs. 362 y 922, las cuales paralizan automáticamente los pleitos que se estén llevando contra el deudor al momento de radicar la petición de quiebra. 48 USCA sec. 2161.

La paralización automática del inciso (a) de la Sección 362, 11 USCA sec. 362(a), aplica a cualquier petición de quiebra. El propósito de esta es proteger al deudor de las reclamaciones de los acreedores y, a su vez, proteger a estos últimos frente a otros acreedores. Collier on Bankruptcy, sec. 362.03 (Alan N. Resnick & Henry H. Sommer eds., 16th ed.) Por otro lado, la Sección 922, supra, forma parte del Capítulo 9 de la Ley General de Quiebras, el cual trata sobre peticiones de quiebras municipales, y también paraliza automáticamente las reclamaciones que se estén llevando contra la municipalidad que haya presentado una petición de quiebra. Collier, supra, sec. 922.01. Asimismo, el propio texto del Título III de PROMESA, 48 USCA sec. 2164, indica que "[e]l inicio de un caso bajo este

título constituye una orden de suspensión". (traducción oficial.)

Cabe destacar que una vez se presenta la petición de quiebra, los tribunales quedan privados de jurisdicción automáticamente, sin necesidad de ser avisados, y no pueden continuar atendiendo los casos en donde se esté reclamando contra el deudor que radicó la petición de quiebra. Marrero Rosado v. Marrero Rosado, 178 DPR 476, 490-491 (2010). Asimismo, la Sección 362(b), 11 USCA sec. 362(b), menciona una serie de excepciones a la paralización automática. Por último, la sección 362(d) de la Ley de Quiebras federal, 48 USCA sec. 362(d), establece el procedimiento que debe seguir una parte interesada que entienda que debe levantarse la paralización automática en su caso.

Aunque la controversia que tenemos ante nuestra consideración es procesal, este caso involucra una reclamación por daños y perjuicios, cuyo remedio sería una compensación monetaria. Por ello, entiendo que **todo incidente procesal** en este caso quedó paralizado cuando el gobierno de Puerto Rico presentó la petición de quiebra el 3 de mayo de 2017. Como en la demanda se solicita una compensación monetaria del Estado, este caso está paralizado automáticamente y no nos corresponde determinar lo contrario. Como ya mencionamos, las partes tienen la opción de presentar una moción en el Tribunal de Quiebras en la cual soliciten que se levante la paralización automática.

Los tribunales estatales tienen la facultad inicial de determinar si un caso está paralizado. Voto particular disidente, pág.3. Véase también, Lacourt Martínez et al. v. Jta. Lib. et al. 2017 TSPR 144, 198 DPR ___ (2017); In re Mid-City

<u>Parking, Inc.</u>, 332 B.R. 798, 803 (N.D. Ill. 2005). Sin embargo, esta facultad no es absoluta y está delimitada por el texto de la ley.

La Cláusula de Supremacía de la Constitución de Estados Unidos nos ordena seguir lo establecido en las leyes federales, sin excepción alguna. Art. VI, Const. EE. UU., LPRA, Tomo 1. Asimismo, PROMESA, 48 USCA sec. 2103, establece que las disposiciones de esa ley están por encima de las leyes locales o de cualquier ley que sea inconsistente con lo que ella dispone. Esto también obliga a los jueces locales a resolver conforme a lo que ella establece. En fin, el sistema constitucional en el que vivimos nos obliga a resolver cónsono con lo que establecen las leyes. PROMESA nos priva de jurisdicción para atender este caso.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa Lydia Vélez y otros

    Peticionario

      v.

                           Núm. CC-2017-570    *Certiorari*

Departamento de Educación
Y otros

    Recurrido

Voto Particular Disidente emitido por el Juez Asociado SEÑOR COLÓN PÉREZ al que se une el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico a 6 de diciembre de 2017.

Por considerar que el asunto ante nuestra consideración -- la revisión de una determinación del Tribunal de Apelaciones en la cual dicho foro, al amparo de la Regla 52.1 de las de Procedimiento Civil, *infra*, se negó a expedir un recurso que buscaba revisar la denegatoria del Tribunal de Primera Instancia de tornar el pleito que nos ocupa como uno de litigación civil compleja -- no quedó paralizado en virtud de lo dispuesto en la Sec. 301(a) del Título III del *Puerto Rico Oversight, Management and Economic Stability Act* (PROMESA), *infra*, disentimos del errado curso de acción seguido por una mayoría de este Tribunal en el día de hoy. Veamos.

I.

En el presente caso la señora Rosa Lydia Vélez y otros (en adelante "señora Vélez") nos solicitan la revisión de una *Resolución* emitida el pasado **4 de mayo de 2017**, y notificada el 10 de mayo del mismo año, en la cual el Tribunal de Apelaciones denegó expedir un recurso de *certiorari* presentado por ésta; ello por entender que no se trataba de un asunto revisable bajo la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V. En dicho recurso, la señora Vélez solicitó la revocación de una *Resolución* del Tribunal de Primera Instancia, en virtud de la cual el foro primario denegó certificar el pleito ante nos como uno civil de litigación compleja, por lo que devolvió el mismo a la sala de origen para la continuación del trámite ordinario. Según se desprende del expediente que obra en nuestro poder, la solicitud de la señora Vélez se realizó a la luz de lo resuelto por este Tribunal en *Vélez v. Dpto. de Educación*, 194 DPR 477 (2016), caso en el cual determinamos que cada padre, madre o encargado de un estudiante registrado en el programa de educación especial podía incoar una reclamación independiente en daños y perjuicios en contra del Departamento de Educación, dentro del mismo pleito de interdicto que se atiende en el Tribunal de Primera Instancia.

Así las cosas, y en lo pertinente al asunto que nos ocupa, luego de que el Tribunal de Apelaciones notificara

la referida *Resolución*, el 19 de mayo de 2017 el Departamento de Educación sometió ante el foro primario un *Aviso de Paralización Automática de los Procedimientos*. En el mismo, en síntesis, esbozó que, tras la presentación por parte de la Junta de Supervisión y Administración Fiscal, el pasado **3 de mayo de 2017** de la petición de quiebra al amparo de la Sec. 301(a) del Título III del *Puerto Rico Oversight, Management and Economic Stability Act* (PROMESA), 48 USCA sec. 2101 *et seq*, ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, procedía la paralización de todos los procedimientos en contra del Estado Libre Asociado de Puerto Rico, incluyendo, a su juicio, el presente caso.

Por otro lado, inconforme con la determinación del Tribunal de Apelaciones, y tras varios trámites procesales no necesarios aquí pormenorizar, el 23 de mayo de 2017, la señora Vélez presentó ante el foro apelativo intermedio un escrito intitulado "*Reconsideración, sobre falta de jurisdicción para emitir resolución y sobre la paralización de los procedimientos apelativos*". En esencia, en dicho escrito la señora Vélez solicitó al foro apelativo intermedio que tomara conocimiento de la fecha de presentación de la petición de quiebra por parte de la Junta de Supervisión y Administración Fiscal **(3 de mayo de 2017)** y dejara sin efecto la *Resolución* emitida por dicho foro, pues a su juicio, se emitió sin jurisdicción **(4 de mayo de 2017)**.

Entre tanto -- previo a que el Tribunal de Apelaciones atendiera el escrito presentado por la señora Vélez -- y ante la solicitud del Departamento de Educación, el Tribunal de Primera Instancia emitió una *Sentencia* el 1 de junio de 2017, notificada el 13 de junio del mismo año, mediante la cual decretó la paralización de los procedimientos en el presente caso y dejó sin efecto todos los términos pendientes.

Posteriormente, el 13 de junio de 2017 -- para ser específicos -- el Tribunal de Apelaciones declaró *no ha lugar* el escrito de "*Reconsideración, sobre falta de jurisdicción para emitir resolución y sobre la paralización de los procedimientos apelativos*". Dicha determinación fue oportunamente notificada a las partes.

Insatisfecha, el 10 de julio de 2017, la señora Vélez acude ante nos, mediante auto de *certiorari*, y sostiene que:

1. Erró el Tribunal de Apelaciones al emitir una Resolución sin jurisdicción ante la paralización automática desde el 3 de mayo de 2017 en virtud de la presentación de la petición de quiebra *In re: Commonwealth of Puerto Rico*, Case No. 17-1578 al amparo de PROMESA, 48 U.S.C. secs. 2201 *et seq.*

2. Erró el Tribunal de Apelaciones al denegar el expedir el auto de *certiorari* por entender que no es una Resolución revisable en virtud de la Regla 52.1 de las Reglas de Procedimiento Civil.

3. Erró el Tribunal de Apelaciones al denegar expedir el auto de *certiorari* y en consecuencia sostener la Resolución del Tribunal de Primera Instancia denegando la certificación de

litigación compleja en cuanto a la fase de daños y perjuicios en el caso de autos.

Así pues, examinado el recurso presentado ante nuestra consideración, y tras un análisis en extremo formalista de la normativa que gobierna estos asuntos, una mayoría de este Tribunal decide archivar administrativamente el presente recurso por entender que el mismo está paralizado en virtud de la Sec. 301(a) del Título III de PROMESA, *supra*. Como ya adelantamos, de ese lamentable curso de acción disentimos.

**Si bien PROMESA es un estatuto que regula los contornos de la restructuración de la deuda pública en Puerto Rico, no es, ni pretendió ser, una camisa de fuerza que impida a los tribunales locales proveer vehículos procesales para canalizar eficientemente los casos y controversias que ante su consideración -- y en sus diversas manifestaciones -- se presenten; salvaguardando así los reclamos de miles de estudiantes que exigen el derecho a una plena educación que atienda las necesidades especiales de un numeroso grupo de estudiantes. Cumplir nuestra función constitucional, y observar lo dispuesto en la ley PROMESA, no son tareas mutuamente excluyentes.**

Siendo ello así, en lo pertinente al asunto que nos ocupa, conviene señalar que el Congreso de Estados Unidos de América aprobó PROMESA, *supra,* con el propósito de establecer los contornos para la regulación de la deuda pública en Puerto Rico. Para adelantar tales propósitos,

la referida disposición legal estableció el procedimiento que debe seguir el Estado Libre Asociado de Puerto Rico para presentar una petición de quiebra.

Sobre ese particular, la sec. 301 (a) del Título III de PROMESA, incorporó a la referida disposición legal las secciones 362 y 922 del Título II del *Código de Quiebras de los Estados Unidos de América*, la cual trae consigo la paralización automática de los pleitos que se ventilan contra un deudor al momento en que se radica la referida petición de quiebra; hecho que -- en lo relacionado al caso de marras -- se consumó en nuestro país el pasado 3 de mayo de 2017 cuando la Junta de Supervisión y Administración Fiscal, en representación del Estado Libre Asociado de Puerto Rico, presentó ante la Corte de los Estados Unidos para el Distrito de Puerto Rico, una petición de quiebra al amparo de la Sec. 301(a) del Título III de PROMESA, *supra*.

La referida paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste. *Midlantic Nat'l Bank v. new Jersey Dep't of Envtl. Protection*, 474 US 494, 503, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986); *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1er Cir. 1997). *Véase*, además, *In re Crespo Torres*, 532 B.R. 195 (2015). En lo que finaliza el pleito de quiebra, la misma impide, entre otras cosas, el comienzo o la continuación de cualquier

proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra. 11 USCA sec. 362; *Marrero Rosado v. Marrero Rosado*, 168 DPR 474., 490-491 (2006). *Véase*, además, *In re Coupel*, 556 B.R. 746 (2016).

**Ahora bien**, **es norma reiterada que tanto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos.** *Rafael Lacourt Martínez v. Junta de Libertad Bajo Palabra*, 2017 TSPR 144, 198 DPR ___ (2017); *Laboratorio Clinico Irizarry v. Departamento de Salud,* 2017 TSPR 145, 198 DPR ___ (2017) *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803 (N.D. III. Ill. 2005) (*Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed*). *Véanse*, además, *In re Lenke*, 249 B.R. 1 (10) (D. Az. 2000); *In re Singleton*, 230 B.R., 533, 538-539 (6th Cir. 1999).[1] Realizado dicho análisis, habrá escenarios en donde procederá la

---

[1] Precisa señalar aquí que, contrario a lo que se puede intimar de la Opinión de Conformidad, los jueces locales nos encontramos en igual posición que los jueces federales al momento de interpretar el alcance de la legislación que nos ocupa; al punto que la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico en controversias procesales similares, ha tomado el curso de la no paralización. *Véanse*, a modo de ejemplo, *Atiles-Gabriel v. Puerto Rico,* 2017 WL 2709757, 2 (D. PR 2017) (J. Gelpí) (se denegó su aplicación a un procedimiento de hábeas corpus) ("*The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy*"); *Vázquez Carmona v. Department of Education of Puerto Rico*, 2017 WL 2352153, 1 (D. PR) (J. Gelpí) (se denegó la aplicación de la paralización a un procedimiento de injunction) ("*The relief requested is not monetary damages*").

paralización automática, y habrá escenarios donde -- por no tratarse de una reclamación monetaria -- no procederá.

Así, por ejemplo, en *Rafael Lacourt Martínez v. Junta de Libertad Bajo Palabra*, *supra,* y en *Laboratorio Clínico Irizarry v. Departamento de Salud, supra*, rechazamos el que se paralizaran pleitos ante la consideración de los tribunales que no involucraran una reclamación monetaria. A juicio nuestro, el asunto ante nos es uno de estos últimos.

Es decir, para quien suscribe, el presente caso, **por la naturaleza de las controversias traídas ante nuestra consideración**, no está paralizado en virtud de la Sec. 301(a) del Título III de PROMESA, *supra*. Ello, por entender que, si bien el pleito ante nos en su fondo incluye una demanda en daños y perjuicios (y, por ende, una reclamación monetaria), en estos momentos sólo estaríamos pasando juicio sobre un asunto procesal y no sobre la reclamación monetaria en sí. Dicho de otro modo, la intervención de este Foro en esta etapa de los procedimientos se limitaría a determinar si el Tribunal de Apelaciones actuó correctamente al denegar expedir un recurso de *certiorari* presentado por la señora Vélez donde ésta solicitaba la revocación de una *Resolución* del Tribunal de Primera Instancia, -- en virtud de la cual el foro primario denegó certificar el pleito ante nos como uno civil de litigación compleja -- por entender que no se

trataba de un asunto revisable bajo la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

En ese sentido, adelantamos que somos de la opinión que, en el asunto llevado ante la consideración Tribunal de Apelaciones, estaban presentes al menos dos de las instancias cobijadas en la Regla 52.1 de las de Procedimiento Civil, *supra,* -- entiéndase un caso que reviste de alto interés público o un caso en donde esperar a la apelación constituiría un fracaso irremediable de la justicia --, que justificaban la intervención del foro apelativo intermedio en esta etapa de los procedimientos.

Sobre este particular, conviene señalar que la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, autoriza a manera de excepción la revisión mediante *certiorari* de anotaciones de rebeldía; de determinaciones sobre la admisibilidad del testimonio de un testigo de hechos o pericial esencial; y de las determinaciones interlocutorias que involucren privilegios evidenciarios y asuntos sobre relaciones de familia. Según nos expresa el Lcdo. Rafael Hernández Colón, en su tratado *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, págs. 533 (2017), *"[e]llo reconoce que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata."*

**Ahora bien, la Regla 52.1 de las de Procedimiento Civil de 2009,** *supra*, **permite, además, la expedición del recurso de** *certiorari* **para revisar órdenes y resoluciones que se emitan en casos que revistan de interés público y en cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.** Sin duda alguna, y como ya mencionamos, somos de la opinión que el recurso de *Certiorari* presentado ante el Tribunal de Apelaciones por la señora Vélez cumple con las dos instancias de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, antes expuestas.

Al respecto, y a grandes rasgos, vale la pena recordar que, en múltiples ocasiones, algunos miembros de este Tribunal, en especial el compañero Juez Asociado señor Estrella Martínez, ha señalado que el presente caso, el cual lleva litigándose por más de tres décadas, reviste de un gran interés público que amerita que las controversias relacionadas al mismo se atiendan con prontitud. *Véase*, *Rosa Lydia Vélez v. Departamento de Educación*, Sentencia de 7 de enero de 2016, 194 DPR 477 (2016)[2]; *Rosa Lydia Vélez y otros v. Awilda Aponte Roque*,

---

[2] Mediante *Sentencia* del 7 de enero de 2016, notificada y archivada en autos el 12 de enero de 2016, este Tribunal reconoció el derecho de padres, madres, encargados y tutores de estudiantes registrados en el Programa de Educación Especial, a reclamar compensación por los daños y perjuicios ocasionados por el Departamento de Educación.

En su Opinión Particular, el compañero Juez Asociado Estrella Martínez, estableció -- y quien suscribe comparte ese criterio -- que la fase de daños y perjuicios en el caso de epígrafe es un **pleito revestido de alto interés público.** Al respecto, el Juez Asociado Estrella Martínez señaló:

Sentencia del 21 de octubre de 2005, pág. 31, 2005 TA 3243 (KLAN2003-01177). De otra parte, es menester señalar también que una lectura íntegra y cabal del recurso de *certiorari* presentado por la señora Vélez acredita que, en este caso, "*esperar a la apelación constituiría un fracaso irremediable de la justicia*", pues, a todas luces, se estarían lesionando innecesariamente los derechos de las partes envueltas en el litigio de no atenderse y evaluarse oportunamente aquellos señalamientos de error dirigidos a determinar si este pleito debe considerarse como una civil de litigación compleja "*cuyas circunstancias requieran un manejo judicial especializado que sea declarado como tal, según lo establecido en las Reglas 4 y 5* [de las Reglas para Casos Civiles de Litigación Compleja], **con el objetivo de evitarle cargas innecesarias a los litigantes o al tribunal y permitir una administración judicial eficiente del trámite procesal**". *Véanse*, *Reglas 4 y 5 de las Reglas para Casos Civiles de Litigación Compleja*, 4 LPRA Ap. XXVII, R. 4 y 5 (Énfasis

_____

Por último, es imperativo señalar que la controversia ante nos pone nuevamente de relieve la problemática de la falta de acceso a la justicia que, lamentablemente, permea en nuestra sociedad; **problemática que se acentúa cuando se trata, como en el caso de epígrafe, de pleitos revestidos de alto interés público cuyas particularidades urgen un mayor acceso de los ciudadanos a los foros judiciales.** Por ello, considero que negarse a actuar en estos momentos conllevaría ignorar la atención diligente que requiere este caso y, por ende, cerrarles las puertas a unos padres, madres y encargados que por años han reclamado que se les conceda el remedio que en derecho le asiste. En ese sentido, recordemos que el Poder Judicial viene llamado a velar y asegurar que todos los ciudadanos sean acreedores de un mayor acceso efectivo a los tribunales. (Ver Opinión Particular del Juez Asociado Estrella Martínez del 7 de enero de 2016, 194 DPR 477, 488 (2016). (Énfasis nuestro; nota al calce omitida)

nuestro). No olvidemos que se trata aquí de un pleito con una extraordinaria cantidad de reclamantes, que presentan una multiplicidad de alegaciones, y controversias de hechos o de derecho, las cuales exigen un volumen extenso de evidencia; así como abundante prueba testifical, pericial en diversas áreas, y documental.

Siendo ello así, -- y al presente caso estar dentro de las instancias expuestas en la Regla 52.1 de las de Procedimiento Civil, *supra* -- le correspondía al Tribunal de Apelaciones, como condición previa para determinar si el pleito ante nos ameritaba certificarse como uno civil de litigación compleja, pasar juicio sobre si en el mismo estaban presentes, o no, los criterios expuesto en la Regla 5 de las Reglas para Casos Civiles de Litigación Compleja, *supra*. En particular, conforme a la precitada Regla 5, los tribunales debemos pasar juicio:

> La Jueza Administradora o el Juez Administrador de la Región Judicial a quien se le haya referido una solicitud o moción bajo la Regla 4 determinará si un caso civil es de litigación compleja luego de citar a las partes a una vista, de ponderar los méritos del caso de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares del caso. Además, tomará en consideración uno o más de los criterios que se exponen a continuación:
>
> **(a) Multiplicidad de partes**
>
> **(b) Multiplicidad de alegaciones o defensas.**
>
> **(c) Multiplicidad de testigos disponibles para el juicio.**
>
> **(d) Volumen extenso de evidencia.**
>
> **(e) Necesidad de peritaje.**

**(f) Presencia de intricadas controversias de hechos o de derecho que exigen prueba documental y testifical abundante o inusual.**

(g) Naturaleza compleja del remedio o de los remedios reclamados.

(h) Complejidad en la etapa apelativa.

(i) Casos certificados por el Tribunal de Primera Instancia como pleitos de clase.

(j) Tipo de caso: casos de responsabilidad civil por productos defectuosos (*product liability*).

(k) Intensidad de la actividad en la etapa preliminar al juicio.

(l) Controversias de carácter novel.

(m) Casos de responsabilidad civil como consecuencia de desastres naturales, eventos atmosféricos, catastróficos o desastres provocados.

(n) Cualquier otro factor que fomente la necesidad de una administración o manejo judicial temprano y organizado para evitar retrasos y cargas innecesarias a las partes y al sistema judicial. 4 LPRA Ap. XXVII, R.5. (Énfasis nuestro)

Ese era el ejercicio que tenía que llevar a cabo el Tribunal de Apelaciones y no lo hizo. Al no hacerlo, a nuestro juicio, erró.[3]

---

[3] Sobre este particular, llama nuestra atención lo citado por la señora Vélez en la pág. 4-5 de su Alegato en referencia a lo dispuesto por el Juez Asociado Retirado de este Tribunal, y quien por designación del Tribunal de Primera Instancia fungió como Comisionado Especial en este pleito, Hon. Francisco Rebollo López, quien, en el Informe rendido el pasado 18 de noviembre de 2013, sostuvo lo siguiente:

"Procedimiento a seguir en la adjudicación
de esta causa de acción"

Nos corresponde, con la ayuda de las representaciones legales de las partes, diseñar el procedimiento a seguir en la adjudicación de esta causa de acción en daños y perjuicios de cada uno de los integrantes de la clase demandante.

No olvidemos que aunque la decisión de expedir un auto de *certiorari* es una discrecional, "*la discreción no debe hacer abstracción del resto del Derecho.* ... **Es decir,** discreción *es una forma de razonabilidad aplicada*

_____

La Sentencia del 21 de octubre de 2005 del Tribunal de Apelaciones establece:

"…que el TPI **dentro de este mismo pleito adjudique las reclamaciones de daños y perjuicios que alegadamente sufrieron cada uno de los miembros de la clase, aunque queda a la discreción del TPI sub-dividir en grupos, de ser posible, a los demandantes cuyos perjuicios educativos y subsiguientes daños sufridos sean similares. De no ser posible, tendrá que ventilar cada caso individualmente.**" (Énfasis nuestro)

Rosa Lydia Vélez y otros v. Awilda Aponte Roque, Sentencia del 21 de octubre de 2005, pág. 31, 2005 TA 3243.

Somos del criterio que esas expresiones del Tribunal de Apelaciones demuestran el reconocimiento de la discreción que debe tener el foro de instancia respecto a la adopción de los mecanismos adecuados ante la complejidad de la etapa de la adjudicación de la causa de acción en daños y perjuicios de los integrantes de la clase demandante. Todo ello conforme la garantía constitucional del debido proceso de ley y la Regla 1 de las Reglas de Procedimiento Civil, que provee para que se facilite "el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento."

Esto es, partimos de la premisa que el Tribunal de Apelaciones – actuando con gran sentido de justicia – dejó la 'puerta abierta' a la creatividad en el procedimiento y en los mecanismos para la adjudicación de las causas de acción en daños y perjuicios *de los integrantes de la parte demandante*. Ello incluye el cumplimiento con las exigencias de la garantía constitucional de un debido proceso de ley respecto a adecuada *notificación* a los integrantes de la clase demandante sobre el procedimiento de adjudicación de sus causas de acciones en daños y perjuicios mediante edictos, asambleas regionales y otros métodos, tal como ocurrió en la etapa previa, antes de emitirse la Sentencia por Estipulación. Véase Sentencia de 14 de febrero de 2002, págs. 15-16. Es de notar que el Tribunal de Apelaciones también sugirió la sub-división en grupos dentro de lo posible, de los demandantes cuyos perjuicios educativos y subsiguientes daños sufridos sean similares, tal como consideró uno de los jueces que presidió los trabajos de este caso en una etapa anterior, el Hon. Oscar Dávila Suliveres. Minuta de 20 de enero de 2006, pág. 6. **Igualmente somos del criterio que se debe considerar la posible aplicación de las Reglas para Casos Civiles de Litigación Compleja, In re Reglas para Casos Civiles de Litigación Compleja, 148 D.P.R. 932 y ss. (1999)**" (Énfasis nuestro) *Informe-Recomendación-Resolución*, págs. 12-14.

*al discernimiento judicial para llegar a una condición justiciera"*. *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). *Véase*, además, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008) (Énfasis nuestro).

## II.

Siendo ello así, por los fundamentos antes expuestos, y distinto a lo erróneamente resuelto por una mayoría de este Tribunal, nos reiteramos en que la controversia particular ante nuestra consideración no está paralizada en virtud de la Sec. 301(a) del Título III de PROMESA, *supra*, razón por la cual hubiésemos emitido una *Resolución* aclarando que el trámite ante este Tribunal -- en cuanto a las controversias expuestas en el alegato de la señora Vélez -- no está paralizado, y concediéndole al Departamento de Educación un breve término para presentar su alegato. Por no ser ese el criterio mayoritario, disentimos.


                                              Ángel Colón Pérez
                                              Juez Asociado