EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Rafael Lacourt Martínez<br><br>    Recurrente<br><br>        v.<br><br>Junta de Libertad bajo Palabra<br><br>    Recurrido | | |
| Guillermo Rivera Carbonell<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |
| Marcelino Méndez Méndez<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | 2017 TSPR 144<br><br>198 ____ |
| Joseph Izzo Hernández<br><br>    Recurrente<br><br>        v.<br><br>Administración de Corrección<br><br>    Recurrido | | |
| Jorge De Jesús Feliciano<br><br>    Recurrido<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrente | | |
| Yosmar M. Maldonado Marte<br><br>    Recurrente<br><br>        v. | | |

| | | |
|---|---|---|
| Departamento de Corrección y Rehabilitación<br><br>    Recurrido<br><br><br>Martín J. Mejías Ortiz<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido<br>------------------------------<br>José Zabala Castro<br><br>    Recurrente<br><br>        v.<br><br>Administración de Corrección<br><br>    Recurrido<br>------------------------------<br>Luis D. Rodríguez Santiago<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido<br>------------------------------<br>Luis A. Salamán De Jesús<br><br>    Recurrente<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Corrección y Rehabilitación<br><br>    Recurrido<br>------------------------------<br>Edwin López Bermúdez<br><br>    Recurrente | | |

| | | |
|---|---|---|
| v. | | |
| Administración de Corrección y Rehabilitación | | |
| Recurrido | | |
| ----------------------------- | | |
| Ángel Allende Barreiro | | |
| Recurrente | | |
| v. | | |
| Departamento de Corrección y Rehabilitación | | |
| Recurrido | | |
| | | |
| Davis Santiago Santiago | | |
| Recurrente | | |
| v. | | |
| Departamento de Corrección y Rehabilitación | | |
| Recurrido | | |
| ----------------------------- | | |
| José Ángel López Molina | | |
| Recurrente | | |
| v. | | |
| Departamento de Corrección y Rehabilitación | | |
| Recurrido | | |
| ----------------------------- | | |
| Pedro L. Colón De Jesús | | |
| Recurrente | | |
| v. | | |
| Departamento de Corrección y Rehabilitación | | |
| Recurrido | | |

CT-2017-0007

Número del Caso: CT-2017-7

Fecha: 3 de agosto de 2017

Abogados y abogadas de las partes:

        Lcda. María A. Hernández Martín
        Lcda. Glorianne Lotti Rodríguez
        Lcdo. Eric O. De la Cruz Iglesias


Oficina del Procurador General:

        Lcdo. Luis Román Negrón
        Procurador General

Materia: Paralización de casos pendientes ante el Tribunal de Apelaciones al amparo de la Ley Federal Puerto Rico Oversight, Management, Economic Stability Act (PROMESA), 48 U.S.C. sec. 2101 et seq.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Rafael Lacourt Martínez<br><br>    Recurrente<br><br>        v.<br><br>Junta de Libertad bajo Palabra<br><br>    Recurrido | | |
| Guillermo Rivera Carbonell<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | CT-2017-0007 | Certificación |
| Marcelino Méndez Méndez<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |
| Joseph Izzo Hernández<br><br>    Recurrente<br><br>        v.<br><br>Administración de Corrección<br><br>    Recurrido | | |
| Jorge De Jesús Feliciano<br><br>    Recurrido<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrente | | |

Yosmar M. Maldonado Marte

    Recurrente

       v.

Departamento de Corrección y Rehabilitación

    Recurrido

---

Martín J. Mejías Ortiz

    Recurrente

       v.

Departamento de Corrección y Rehabilitación

    Recurrido

---

José Zabala Castro

    Recurrente

       v.

Administración de Corrección

    Recurrido

---

Luis D. Rodríguez Santiago

    Recurrente

       v.

Departamento de Corrección y Rehabilitación

    Recurrido

---

Luis A. Salamán De Jesús

    Recurrente

       v.

Estado Libre Asociado de Puerto Rico; Departamento de Corrección y Rehabilitación

    Recurrido

| | | |
|---|---|---|
| Edwin López Bermúdez<br><br>    Recurrente<br><br>        v.<br><br>Administración de Corrección y Rehabilitación<br><br>    Recurrido | | |
| Ángel Allende Barreiro<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |
| Davis Santiago Santiago<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |
| José Ángel López Molina<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |
| Pedro L. Colón De Jesús<br><br>    Recurrente<br><br>        v.<br><br>Departamento de Corrección y Rehabilitación<br><br>    Recurrido | | |

PER CURIAM

En San Juan, Puerto Rico, a 3 de agosto de 2017.

El 3 de mayo de 2017 la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una

petición de quiebra a nombre del Gobierno de Puerto Rico, según lo permite el Título III del *Puerto Rico Oversight, Management, Economic Stability Act* (PROMESA). 48 U.S.C. sec. 2101 *et seq*. En lo pertinente, la sección 301(a) del Título III de PROMESA incorporó las secciones 362 y 922 del Código Federal de Quiebras en torno a paralizaciones automáticas de pleitos contra el deudor y su propiedad. Íd., sec. 2161(a).

En vista de lo anterior, el foro apelativo intermedio ordenó la paralización y el archivo administrativo de los casos de referencia. Estos tratan, en su mayoría, de determinaciones administrativas sobre remedios solicitados por personas cumpliendo sentencias criminales. En particular, se solicita la revisión de decisiones con relación a: (1) la Junta de Libertad bajo Palabra; (2) clasificación de custodia; (3) solicitud de terapias; (4) evaluación de plan institucional; (5) impugnación de sanciones; (6) adjudicación de bonificaciones; y (7) retención de pertenencias incautadas durante un cateo. Asimismo, uno de los casos es sobre una petición de *injunction* en contra del Departamento de Corrección y Rehabilitación y con relación a un procedimiento disciplinario. Así las cosas, el 18 de julio de 2017, certificamos *motu proprio* y consolidamos estos casos.

El objetivo principal de la paralización es liberar al deudor de presiones financieras mientras se dilucida el procedimiento de quiebra. Véase, 3 Collier on Bankruptcy,

sec. 362.03 esc. 6 ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy". (*citando* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)).[1] Por otro lado, cabe señalar que tanto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos ante nos. In Mid-City Parking, Inc., 332 B.R. 798, 803 (N.D. Ill. 2005)("Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed").[2]

En vista de la jurisdicción concurrente que tiene este Tribunal, y examinados los casos ante nuestra consideración, determinamos que a estos no les aplica la paralización automática de las secciones 362 y 922 del Código Federal de Quiebras, supra. Lo anterior, debido a que, entre otras cosas, estos no involucran reclamación monetaria alguna contra el Estado. Véanse Atiles-Gabriel v.

---

[1] Véase además In re Lezzi, 504 B.R. 777, 779 (2014)(E.D. Penn.)("The automatic stay applies to a broad range of conduct, but in its most conventional application, the automatic stay restrains pending debt collection litigation, thereby furnishing an obvious benefit to the debtor: a 'breathing spell'").

[2] Véanse también In re Lenke, 249 B.R. 1, 10 (D. Az. 2000); In re Singleton, 230 B.R. 533, 538-539 (6th Cir. 1999); M.B. Culhane & M.M. White, *Bankruptcy Issues for State Trial Court Judges*, pág. 23 (American Bankruptcy Institute).

<u>Puerto Rico</u>, 2017 WL 2709757, 2 (D. PR 2017) (J. Gelpí) (donde se rechazó una interpretación excesivamente amplia de la paralización automática bajo PROMESA y se denegó su aplicación a un procedimiento de *hábeas corpus*) ("The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy"); <u>Vázquez Carmona v. Department of Education of Puerto Rico</u>, 2017 WL 2352153, 1 (D. PR) (J. Gelpí) (donde también se denegó la aplicación de la paralización a un procedimiento de *injunction*) ("The relief requested is not monetary damages").

En consecuencia, se revocan las órdenes de paralización que emitió el Tribunal de Apelaciones, se reactivan los casos y se devuelven a dicho foro para que continúe los procedimientos a la brevedad posible. Los casos deberán ser atendidos por el panel del Tribunal de Apelaciones que ordenó la paralización.

Así también, se exhorta al foro apelativo intermedio a proceder con mayor cautela en el contexto de la quiebra gubernamental aquí envuelta y la paralización de pleitos en virtud de PROMESA.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Rafael Lacourt Martínez<br><br>        Recurrente<br><br>              v.<br><br>Junta de Libertad bajo Palabra<br><br>        Recurrido | | |
| Guillermo Rivera Carbonell<br><br>        Recurrente<br><br>              v.<br><br>Departamento de Corrección y Rehabilitación<br><br>        Recurrido | CT-2017-0007 | Certificación |
| Marcelino Méndez Méndez<br><br>        Recurrente<br><br>              v.<br><br>Departamento de Corrección y Rehabilitación<br><br>        Recurrido | | |
| Joseph Izzo Hernández<br><br>        Recurrente<br><br>              v.<br><br>Administración de Corrección<br><br>        Recurrido | | |
| Jorge De Jesús Feliciano<br><br>        Recurrido<br><br>              v.<br><br>Departamento de Corrección y Rehabilitación<br><br>        Recurrente | | |

Yosmar M. Maldonado Marte

     Recurrente

        v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

Martín J. Mejías Ortiz

     Recurrente

        v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

José Zabala Castro

     Recurrente

        v.

Administración de Corrección

     Recurrido

---

Luis D. Rodríguez Santiago

     Recurrente

        v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

Luis A. Salamán De Jesús

     Recurrente

        v.

Estado Libre Asociado de Puerto Rico; Departamento de Corrección y Rehabilitación

     Recurrido

Edwin López Bermúdez

     Recurrente

          v.

Administración de Corrección y Rehabilitación

     Recurrido

---

Ángel Allende Barreiro

     Recurrente

          v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

Davis Santiago Santiago

     Recurrente

          v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

José Ángel López Molina

     Recurrente

          v.

Departamento de Corrección y Rehabilitación

     Recurrido

---

Pedro L. Colón De Jesús

     Recurrente

          v.

Departamento de Corrección y Rehabilitación

     Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 3 de agosto de 2017.

     Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se revocan las órdenes de paralización

que emitió el Tribunal de Apelaciones, se reactivan los casos y se devuelven a dicho foro para que continúe los procedimientos a la brevedad posible. Los casos deberán ser atendidos por el panel del Tribunal de Apelaciones que ordenó la paralización.

Así también, se exhorta al foro apelativo intermedio a proceder con mayor cautela en el contexto de la quiebra gubernamental aquí envuelta y la paralización de pleitos en virtud de PROMESA.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                            Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo