EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Manuel Narváez Cortés<br><br>Recurrido<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Secretario de Justicia de Puerto Rico<br><br>Peticionarios | Certiorari<br><br>2018 TSPR 32<br><br>199 ____ |

Número del Caso: CC-2018-56


Fecha: 21 de febrero de 2018


Tribunal de Apelaciones:

      Región Judicial de Bayamón y Carolina


Oficina del Procurador General:

      Lcdo. Isaías Sánchez Báez
      Sub Procurador General

      Lcda. Carmen Riera Cintrón
      Procuradora General Auxiliar


Abogado de la parte recurrida:

      Lcdo. Alex Ramos Díaz


Materia: Resolución del Tribunal con Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel Narváez Cortés

    Recurrido

       v.

                              CC-2018-56      *Certiorari*

Estado Libre Asociado de
Puerto Rico; Secretario de
Justicia de Puerto Rico

    Peticionarios

RESOLUCIÓN

San Juan, Puerto Rico, a 21 de febrero de 2018.

Examinado el presente recurso, acorde con la petición presentada por el Estado Libre Asociado de Puerto Rico bajo el Título III de PROMESA se ordena el archivo administrativo del mismo y la paralización de los procedimientos, hasta tanto una de las partes nos certifique que se ha levantado la paralización automática, ya sea por la conclusión del procedimiento de quiebras o mediante una solicitud a esos efectos, según permite la Sección 362(d) del Código Federal de Quiebras.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres vota conforme y hace constar la siguiente expresión:

> El bien confiscado pasó a ser patrimonio del Estado, sujeto a devolución solamente si prevalece el recurrido. Su reclamación al efecto está paralizada, no porque 'perjudique o interfiera' con el procedimiento de quiebra del territorio, sino porque afecta el patrimonio del deudor en quiebra, es decir, del Estado Libre Asociado de Puerto Rico. Véase,

Reliable v. ELA et al., 199 DPR ___, ___, 2017 TSPR 186, ___ (2017) (Voto particular de conformidad). Por esa razón, el caso local de impugnación del bien que ya se confiscó está paralizado automáticamente, desde que el territorio se fue a quiebra. Esa paralización no depende de la 'posición' o del parecer de ninguno de nosotros. Corresponde al recurrido acudir al Tribunal Federal de Distrito a solicitar que se deje sin efecto esa paralización automática. Así pues, tiene acceso a un recurso para hacer valer su reclamo. Es correcto que todo esto deja patentemente claro la condición de desigualdad del territorio. El Congreso no podría comprometer la soberanía de un estado de la Unión autorizando que sus finanzas las controle una corte federal en un procedimiento de quiebra. Véanse, United States v. Bekins, 304 U. S. 27, 49-53 (1938); Ashton v. Cameron County Water Improvement Dist. No. One, 298 U. S. 513, 531 (1936). Sin embargo, puede hacerlo con un territorio. Cualquier insatisfacción al respecto no nos autoriza a violar la ley federal. Nuestro sistema constitucional no nos permite reescribir una ley del Congreso. Puerto Rico v. Franklin Cal. Tax Free Trust, 579 US ___, ___, 136 S. Ct. 1938, 1949 (2016). Por el contrario, la cláusula de supremacía de la Constitución federal nos obliga a aplicar la ley, sin excepción alguna. Art. VI, Const. EE. UU., LPRA, Tomo 1. Asimismo, PROMESA, 48 USCA sec. 2103, establece que las disposiciones de esa ley federal están por encima de las leyes locales o de cualquier ley que sea inconsistente con lo que ella dispone. En otras palabras, no podemos desobedecer la ley mientras llevemos puesta una toga. Le toca al Pueblo de Puerto Rico y al Congreso acabar con la desigualdad que produce nuestra condición colonial.

La Jueza Presidenta Oronoz Rodríguez disiente y emite la siguiente expresión, a la que se une la Juez Asociada señora Rodríguez Rodríguez:

La Jueza Presidenta Oronoz Rodríguez considera que no procede paralizar este caso por los fundamentos esbozados en el Voto particular disidente que emitió en <u>Reliable Financial Services y otro v. Estado Libre Asociado de Puerto Rico y otros</u>, 2017 TSPR 186, 198 DPR ___ (2017).

El Juez Asociado señor Estrella Martínez emite un Voto particular disidente. El Juez Asociado señor Colón Pérez proveería no ha lugar a la petición del Estado Libre Asociado de Puerto Rico.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Manuel Narváez Cortés

   Recurrido

       v.                CC-2018-0056    Certiorari

Estado Libre Asociado de
Puerto Rico, *et al.*

   Peticionarios

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 21 de febrero de 2018.

Por entender que el propósito de la paralización automática provista en PROMESA, <u>infra</u>, no es ni puede ser igual a otorgarle un cheque en blanco al Estado para aplazar controversias constitucionales sustanciales no relacionadas con la reestructuración de la deuda y que adoptar la postura de cerrar las puertas del acceso a la justicia como derecho humano fundamental solo conduce a recrudecer nuestra condición colonial y aumentar el margen de desigualdad de derechos, DISIENTO.

En consecuencia, me opongo al dictamen emitido por la Mayoría de este Tribunal, puesto

que no estamos ante una reclamación estrictamente pecuniaria.

Además, se reclaman derechos consagrados en la Constitución federal. Así pues, entiendo que no procede paralizar el litigio en cuestión, máxime, en la etapa en que se encuentra el mismo. Véase, In re The Financial Oversight and Management Board for Puerto Rico, Núm. 17 BK 3283 LTS (BK D. P.R. radicado 7 de junio de 2017) (orden)(permitiendo la suspensión de la paralización automática de litigios en un caso de expropiación forzosa). Véase, además, Voto particular disidente del Juez Asociado Señor Colón Pérez en Lydia Vélez, et al. v. Dept. de Educación, et al., res. 6 de diciembre de 2017, 2017 TSPR 197, pág. 8.

La controversia ante nuestra consideración tuvo su génesis el 10 de febrero de 2017, cuando se le confiscó al Sr. Manuel Narváez Cortés (señor Narváez Cortés o recurrido) su vehículo tras alegadas infracciones al Artículo 404 de la Ley de sustancias controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2401. Por consiguiente, el 1 de mayo de 2017, el recurrido impugnó la referida confiscación argumentando que su vehículo no fue utilizado para cometer crimen alguno, puesto que los cargos criminales en su contra no prosperaron. Consecuentemente, el 6 de mayo de 2017, el Estado presentó un *Aviso de paralización de los procedimientos por virtud de la presentación de la petición por el Gobierno de Puerto Rico bajo el Título III de PROMESA*. En respuesta, el Tribunal de

Primera Instancia determinó que no procedía la paralización del pleito presente; el foro apelativo intermedio confirmó. Inconforme, el Estado recurre ante nos señalando que erraron los foros inferiores al denegar la paralización del procedimiento, a tenor con la Sec. 362 del Código de Quiebra.

En ocasiones anteriores, este Tribunal correctamente se ha rehusado a paralizar procedimientos en los cuales no se encuentren en controversia reclamaciones de carácter puramente monetarias contra el ELA. Véase, Laboratorio Clínico Irizarry v. Departamento de Salud, res. 3 de agosto de 2017, 2017 TSPR 145, Lacourt Martínez v. Junta de Libertad Bajo Palabra, res. 3 de agosto de 2017, 2017 TSPR 144. Así, aplicamos la paralización de pleitos, según dispuesto en la Puerto Rico Oversight Management, and Economic Stability Act (PROMESA), 48 U.S.C. sec. 2101 et seq., de manera racional, coherente y permitiendo que la Rama Judicial de Puerto Rico pueda cumplir con su deber ministerial de salvaguardar los derechos del Pueblo.

Asimismo, es menester añadir que los intereses que el señor Narváez Cortés intenta reivindicar están protegidos por la protección constitucional de la incautación sin justa compensación, consagrada en la Constitución federal y Constitución de Puerto Rico. Emdas. XIV y V, Const. EE.UU., LPRA, Tomo 1; Art. II, Sec. 9, Const. ELA, LPRA, Tomo 1.

Por otro lado, he señalado que no se debe pasar por alto el hecho de que PROMESA no autoriza al Gobierno territorial, ni ninguna de sus instrumentalidades, a

menoscabar o incumplir con las leyes federales. 48 U.S.C. sec. 2106 (haciendo aplicable a los litigios bajo el Título III lo dispuesto en las secciones 362 y 922 del Título 11 de Quiebras, 11 U.S.C. secs. 362 y 922). Asimismo, PROMESA introduce varias excepciones a la paralización automática de pleitos. Véase, sección 301 de PROMESA, 48 U.S.C. sec. 362(d)(1). En ese sentido, la referida ley permite la suspensión de la mencionada paralización siempre y cuando haya una justificación para ello, entiéndase, "cause". De igual modo, el Tribunal de Apelaciones federal para el Primer Circuito ha encontrado que PROMESA contiene ese elemento de "cause" para evadir la paralización de procedimientos. Véase, Brigade Leveraged Capital Structure Fund Ltd. v. García Padilla et al., 217 F. Supp. 3d 508, 517 (1st Cir. 2016). Así, no cabe duda que la violación de derechos constitucionales es uno de los posibles supuestos que permite la suspensión de la paralización automática de litigios.[1]

Por su parte, el Tribunal Supremo Federal también ha desarrollado abundante jurisprudencia de la cual se desprende que las garantías constitucionales son aplicables en los casos de confiscación civil de la propiedad, en la medida en que ésta tenga un propósito punitivo. Así, se destaca que, en Plymouth Sedan v. Pennsylvania, 380 US 693, 697 (1965), el Tribunal Supremo Federal no vaciló en aplicar

---

[1] In re Sonnax Indus., 907 F.2d 1280, 1285 (2d Cir. 1990) (cita omitida) ("The lack of adequate protection of an interest in property is one cause for relief").

las protecciones constitucionales contra registros irrazonables en casos criminales a un proceso de confiscación civil. En ese caso, el referido foro federal estableció que:

[P]roceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offences committed by him, though they may be civil in form, **are in their nature criminal** . . . [and] though technically a civil proceeding, [it] is in substance and effect a criminal one . . . [S]uits for penalties and forfeitures incurred by the commission of offences against the law, are of this quasicriminal nature . . . . Íd., pág. 697 (énfasis suplido).

Tampoco titubeó ese Foro Federal en Austin v. US, 509 US 602 (1993), al resolver que las salvaguardas de la Octava Enmienda de la Constitución de los Estados Unidos, las cuales prohíben el uso de castigos crueles e inusitados, operan en los casos civiles de confiscación. Véanse, A.W. Laing, Asset Forfeiture & Instrumentalities: the Constitutional Outer Limits, 8 N.Y.U.J.L. & Liberty 1201 (2014); A. Seals Bersinger, Grossly Disproportional to Whose Offense? Why the (Mis)Application of Constitutional Jurisprudence on Proceeds Forfeiture Matters, 45 Ga. L. Rev. 841 (2011).

Así las cosas, permitir la paralización del pleito en controversia, provocaría que el Estado continúe con la posesión del vehículo confiscado, sin poder dilucidar si, en efecto, la misma es ilegal o no. Máxime, cuando el asunto en cuestión no se trata de una reclamación monetaria convencional, sino de la determinación de si la impugnación fue conforme a derecho o no. Resulta importante resaltar que

en la reivindicación del bien confiscado tampoco cabe hablar de una reclamación de un bien dentro del patrimonio del Estado, puesto que si la misma fue ilegal nunca formó parte del patrimonio de éste. Además, y como expresó la Jueza Presidenta Oronoz Rodríguez en su voto particular disidente en el caso de Reliable Financial Services, et al. v. ELA, de estar en el supuesto de que el bien confiscado ilegalmente fue vendido la parte afectada será compensada del Fondo Especial de Confiscaciones, Art. 6 de la Ley Núm. 119-2011, 34 LPRA sec. 1724c, y en nada afecta el fondo general del Estado. Reliable Financial Services, et al. v. ELA, res. 1 de diciembre de 2017, 2017 TSPR 186, pág. 5. Ésta añadió, también, que la demora en los pleitos de esta naturaleza sería perjudicial al Estado por razón del interés legal acumulado a causa de la demora en la resolución del pleito. Íd.

Finalmente, el presente caso amerita que reitere mi posición en torno al manejo de la paralización automática de litigios. A esos efectos, es mi parecer que permitir al recurrido continuar con el litigio de referencia, en ningún sentido perjudica o interfiere con los procedimientos en el Tribunal de Quiebras, bajo el Título III de PROMESA. Todo lo contrario, en la medida que los foros judiciales locales ejerzan eficientemente su jurisdicción concurrente en esta materia, se fomentará un mayor grado de eficiencia y agilidad procesal. Véase, Voto particular disidente del Juez

Asociado Señor Estrella Martínez en <u>ELA v. EL Ojo de Agua Development, Inc.</u>, res. 2 de febrero de 2018, 2018 TSPR 12.

A la luz de lo anterior, proveería no ha lugar a la solicitud del Estado, puesto que permitir la paralización del pleito equivaldría a limitar la reivindicación de garantías constitucionales del señor Narváez Cortés y el incumplimiento de este Tribunal con su deber ministerial antes mencionado.[2]

Luis F. Estrella Martínez
Juez Asociado

---

[2]Es importante recalcar que cumplir con nuestro deber ministerial y, a su vez, con lo dispuesto en la ley PROMESA, 48 U.S.C. sec. 2101 <u>et seq.</u>, no son tareas mutuamente excluyentes. <u>Veáse</u>, Voto particular disidente del Juez Asociado Señor Colón Pérez en <u>Lydia Vélez, et al. v. Dept. de Educación, et al.</u>, res. 6 de diciembre de 2017, 2017 TSPR 197, pág. 5.