EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sharon Torres Torres, por sí y en representación de su hija menor de edad G.A.S.T. <br><br> Apelante <br><br> v. <br><br> Estado Libre Asociado de Puerto Rico <br><br> Apelado | Certiorari <br><br> 2018 TSPR 44 <br><br> 199 ____ |

Número del Caso: AC-2018-14


Fecha: 19 de marzo de 2018


Tribunal de Apelaciones:

　　　Región Judicial de San Juan


Abogados de la parte peticionaria:

　　　Lcdo. José Torres Valentín
　　　Lcda. Karen Lee Ayala Vázquez


Oficina del Procurador General:

　　　Lcdo. Luis Román Negrón
　　　Procurador General

　　　Lcda. Liany Vega Nazario
　　　Procuradora General Auxiliar

　　　Lcda. Stephanie Ortiz Suárez
　　　Procuradora General Auxiliar


Materia: Resolución del Tribunal con Opinión Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sharon Torres Torres, por sí y
en representación de su hija
menor de edad G.A.S.T.

    Apelante

      v.                      AC-2018-0014

Estado Libre Asociado de Puerto
y Otros

    Apelados

SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2018.

Por estar igualmente dividido el Tribunal, se acoge la presente Apelación como un recurso de *Certiorari,* por ser el recurso adecuado, se expide el auto solicitado y se confirma la Sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, el 4 de diciembre de 2017.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión a la que se une la Jueza Asociada señora Pabón Charneco:

El Juez Asociado señor Martínez Torres está conforme con la sentencia emitida que confirma al Tribunal de Apelaciones por los fundamentos expuestos en su <u>Voto particular de conformidad</u> en el caso de <u>Juan Vera González por sí y en representación del menor J.X.V.L. v. Estado Libre Asociado de Puerto Rico; Departamento de Educación</u>, certificada en el día de hoy.

El Juez Asociado señor Colón Pérez emite una Opinión Disidente a la que se une la Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Estrella Martínez. El Juez Asociado señor Kolthoff Caraballo no intervino.


                    Juan Ernesto Dávila Rivera
                    Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sharon Torres Torres, por sí
y en representación de su hija
menor de edad G.A.S.T.

    Peticionaria

      v.                         AC-2018-0014    *Certiorari*

Estado Libre Asociado de
Puerto Rico y Otros

    Recurridos

Opinión Disidente emitida por el Juez Asociado señor COLÓN PÉREZ a la que se unen la Jueza Presidenta ORONOZ RODRÍGUEZ, la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ y el Juez Asociado señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico a 19 de marzo de 2018.

Por entender que el presente caso -- uno amparado en la ley federal *Individuals with Disabilities Education Act*, 20 USC sec. 1401 *et seq*. (en adelante, "IDEA") -- no está paralizado por el proceso de quiebra bajo el Título III de PROMESA, *infra*, disentimos del curso de acción tomado por este Tribunal. Veamos.

I.

Comparece ante nos la señora Sharon Torres Torres (en adelante, "señora Torres Torres"), quien es madre de una menor diagnosticada con autismo. El 22 de agosto de 2013, ésta presentó una querella en contra del Departamento de Educación (en adelante, "Departamento")

mediante la cual solicitó el reembolso de los costos incurridos por tener que matricular a su hija en el Colegio Piaget durante el año escolar 2013-2014. Ello, pues adujo que el Departamento no había podido brindar a la menor los servicios educativos especializados necesarios para su condición, según lo requiere la ley federal IDEA, *supra*.

Luego de varios trámites procesales no necesarios aquí pormenorizar, el 30 de marzo de 2014 la Jueza Administrativa asignada por el Departamento para atender este caso denegó la solicitud de la señora Torres Torres, tras concluir que esta última no había demostrado que la ubicación seleccionada por ella fuera más adecuada que las opciones provistas por el Departamento. Dicha decisión fue oportunamente notificada a las partes.

Inconforme con tal proceder, la señora Torres Torres recurrió ante el Tribunal de Apelaciones, donde sostuvo que procedía el reembolso de los gastos incurridos en la educación de su hija. Evaluados los planteamientos de ésta última, dicho foro revocó la mencionada determinación administrativa y ordenó al Departamento reembolsar a la señora los gastos educativos de la menor.

Así las cosas, y de conformidad con lo decidido por el foro apelativo intermedio, el 10 de febrero de 2017 la señora

Torres Torres presentó una demanda en contra del Estado Libre Asociado de Puerto Rico (ELA), mediante la cual solicitó el pago de honorarios de abogado por los gastos incurridos durante la tramitación de la querella. Enterado de ello, el 31 de mayo de 2017 el ELA presentó una moción sobre paralización de los procedimientos, en la cual adujo que los procedimientos en el caso de marras habían quedado paralizados por la presentación de la petición de quiebra al amparo de la Ley PROMESA, *infra*. La señora Torres Torres se opuso a dicha solicitud de paralización y arguyó que las acciones derivadas de legislación federal están exentas de las disposiciones de la Ley PROMESA, *infra*, ello de conformidad con lo dispuesto en las secciones 7 y 304 (h) del referido estatuto federal. Examinados los planteamientos de ambas partes, el Tribunal de Primera Instancia ordenó el archivo administrativo del caso.

Luego de ser denegada su solicitud de reconsideración ante el foro primario, la señora Torres Torres recurrió ante el Tribunal de Apelaciones, argumentando que su reclamación de honorarios de abogado surgía de la ley federal IDEA, *supra*, y, por tanto, no le era de aplicación lo dispuesto en la Ley PROMESA, *infra*. Dicho tribunal, tras evaluar los alegatos de ambas partes, confirmó el dictamen del Tribunal de Primera Instancia, tras razonar que la exención invocada por la peticionaria sólo era aplicable a reclamaciones que

involucraban fondos federales, por lo que no era de aplicación a este caso, pues los honorarios de abogado no serían pagados con esos fondos. Ante la negativa del foro apelativo intermedio, la señora Torres Torres solicitó la reconsideración de la referida determinación. No obstante, la misma fue denegada.

Inconforme, la peticionaria recurre ante nos mediante el recurso que nos ocupa y sostiene que el Tribunal de Apelaciones erró en su determinación, pues según lo dispuesto en las secciones 7 y 304 (h) de la Ley PROMESA, *infra*, no procedía la paralización de los procedimientos relacionados a su reclamación de honorarios de abogado al amparo de la Ley IDEA, *supra*. Examinada detenidamente la petición de la señora Torres Torres, entendemos le asiste la razón. Nos explicamos.

II.

A.

Como es sabido, la *Individuals with Disabilities Education Act* (IDEA), *supra*, es una ley federal que tiene como propósito asegurar que los niños y niñas con necesidades especiales tengan acceso a una educación pública, adecuada y gratuita, que satisfaga sus necesidades particulares. 20 USC sec. 1400 (d). Esta ley creó una causa de acción que permite a los padres, madres o encargados de estudiantes con necesidades especiales presentar una queja administrativa para reclamar por asuntos relacionados a la identificación,

evaluación o acomodo, o la provisión de una educación pública apropiada y gratuita para cada niño. *Íd.*, sec. 1415 (b)(6).

Asimismo, el estatuto le concede a los padres y madres de estos estudiantes la facultad de solicitar honorarios de abogado razonables en una reclamación al amparo de las disposiciones antes mencionadas. *Íd.*, sec. 1415 (i)(3).

Sobre las referidas disposiciones de la Ley IDEA, *supra*, este Tribunal se ha expresado anteriormente en dos ocasiones. Así pues, en *Declet Ríos v. Dpto. de Educación*, 177 DPR 765 (2009), este Foro tuvo ante su consideración si un oficial examinador del Departamento de Educación tenía la facultad de imponer honorarios de abogado al ELA tras culminar un proceso adjudicativo al amparo de la Ley IDEA, *supra*. Esta Curia resolvió dicha interrogante en la negativa, tras realizar un análisis de la disposición federal y concluir que ésta facultaba expresamente a los tribunales -- estatales y federales -- para conceder el remedio dispuesto en la misma.

Por otro lado, en *Orraca López v. E.L.A.*, 192 DPR 31 (2014), este Tribunal tuvo la oportunidad de dilucidar cuál era el plazo prescriptivo aplicable a la reclamación de honorarios de abogado al amparo de la Ley IDEA, *supra*. Al no disponerse un término prescriptivo en la propia ley, el Tribunal debía dilucidar si procedía aplicar por analogía el término de treinta (30) días dispuesto por la Ley de

Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 2172, para la revisión de determinaciones administrativas,

o el término de tres (3) años establecido en el Art. 1867 del Código Civil de Puerto Rico, 31 LPRA sec. 5297, para reclamar el pago de honorarios de abogado. Allí, se resolvió que el término más análogo era el segundo. Ello, tras concluir que la reclamación de honorarios de abogado al amparo de la Ley IDEA, *supra*, no es de naturaleza accesoria al procedimiento administrativo, sino que se trata de una causa de acción independiente al mismo.

Ahora bien, por su particular importancia para la correcta disposición de la controversia que nos ocupa, precisa señalar aquí que, si bien las dos opiniones reseñadas identifican la reclamación de honorarios de abogado en virtud de la Ley IDEA, *supra*, como una independiente *del procedimiento administrativo* y como tal dicho reclamo debe hacerse en los tribunales, **ambas reconocen que la causa de acción (para el reclamo de honorarios de abogado) surge directamente de dicha ley federal**. *Véanse Declet Ríos v. Dpto. de Educación, supra; Orraca López v. E.L.A., supra.*

Es decir, para efectos procesales la reclamación de honorarios de abogado bajo la Ley IDEA, *supra*, es independiente de la reclamación del reembolso de gastos educativos, toda vez que la primera debe hacerse ante los tribunales y la segunda a través de un procedimiento

administrativo. Sin embargo, sustantivamente hablando la reclamación de honorarios de abogado es parte del derecho

concedido por la Ley IDEA, *supra*, a los padres de niños con necesidades especiales.

B.

De otra parte, y por también considerarlo en extremo importante para la correcta disposición de las controversias ante nuestra consideración, conviene recordar que el Congreso de Estados Unidos de América aprobó la *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA), 48 USC sec. 2101 *et seq.*, con el propósito de establecer los contornos para la regulación de la deuda pública en Puerto Rico. Para adelantar tales propósitos, la referida disposición legal estableció el procedimiento que debe seguir el Estado Libre Asociado de Puerto Rico para presentar una petición de quiebra.

Sobre ese particular, la sec. 301 (a) del Título III de PROMESA, *supra*, incorporó a la referida disposición legal las secciones 362 y 922 del Título II del *Código de Quiebras de los Estados Unidos de América*, las cuales traen consigo la paralización automática de los pleitos que se ventilan contra un deudor al momento en que se radica la referida petición de quiebra; hecho que se consumó en nuestro país el pasado 3 de mayo de 2017, cuando la Junta de Supervisión y Administración Fiscal, en representación del Estado Libre

Asociado de Puerto Rico, presentó ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, una

petición de quiebra al amparo de la Sec. 301(a) del Título III de PROMESA, *supra*.

La referida paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste. *Midlantic Nat'l Bank v. new Jersey Dep't of Envtl. Protection*, 474 US 494, 503 (1986); *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1er Cir. 1997). *Véase*, además, *In re Crespo Torres*, 532 B.R. 195 (2015). En lo que finaliza el pleito de quiebra, la misma impide, entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra. 11 USC sec. 362; *Marrero Rosado v. Marrero Rosado*, 168 DPR 474, 490-491 (2006). *Véase*, además, *In re Coupel*, 556 B.R. 746 (2016).

**Ahora bien, es norma reiterada que tanto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos.** *Rafael Lacourt Martínez v. Junta de Libertad Bajo Palabra*, 2017 TSPR 144, 198 DPR ___ (2017); *Laboratorio Clínico Irizarry v. Departamento de Salud,* 2017 TSPR 145, 198 DPR

___ (2017); *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803 (N.D. III. Ill. 2005) (*Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed*). *Véanse, además, In re Lenke*, 249 B.R. 1 (10) (D. Az. 2000); *In re Singleton*, 230 B.R. 533, 538-539 (6th Cir. 1999). Realizado dicho análisis, habrá escenarios en donde procederá la paralización automática, y habrá escenarios donde no procederá.

Así las cosas, y en lo pertinente al caso que nos ocupa, es menester señalar que la Ley PROMESA, *supra*, establece en su sección 7 lo siguiente:

> Except as otherwise provided in this chapter, **nothing in this chapter shall be construed as impairing or in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws** or requirements or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory. (Énfasis suplido) 48 USC sec. 2106.

Además, en el contexto particular de una petición de quiebra, la sección 304 (h) de la referida ley dispone que:

> **This chapter may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws, including laws relating to the environment, public health or safety,** or territorial laws implementing such Federal legal provisions. This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative,

civil, or other penalties. (Énfasis suplido)
Sec. 304 (h), 48 USC sec. 2164.

Como se puede apreciar, de las precitadas disposiciones surge claramente que la Ley PROMESA, *supra*, no puede servir como fundamento para incumplir obligaciones gubernamentales que surjan de legislación federal. Por tal razón, las reclamaciones al amparo de leyes federales están exentas de la paralización por la presentación de una petición de quiebra en virtud de este estatuto.

Sobre este particular, cabe señalar que, **en un caso en extremo similar al que nos ocupa**, la Jueza Federal Laura Taylor Swain, permitió la continuación de cierto litigio para el pago de honorarios de abogado en el pleito al amparo de la Ley IDEA, *supra*, no aplicando así la paralización dispuesta en el Titulo III de PROMESA, *supra*. *Véase*, *Memorandum Order Granting Urgent Motion for Relief from the Automatic Stay Filed by Bernice Beauchamp-Velázquez*, Case No. 17 BK 3283-LTS, Docket entry no. 1125.

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de la controversia que nos ocupa.

III.

Como mencionamos anteriormente, en el presente caso ha quedado claramente demostrado que la señora Torres Torres presentó una demanda en contra del ELA en la cual reclamó el pago de honorarios de abogado al amparo de la Ley IDEA.

En la medida en que la reclamación de honorarios de abogado de la señora Torres Torres surge de una ley federal, a la luz de la normativa antes expuesta, la misma no está sujeta a la paralización por un procedimiento de quiebra al amparo del Título III de PROMESA, *supra*.[1] Siendo ello así, el error señalado por la señora Torres Torres fue cometido.

No empece a lo anterior, varios miembros de este Tribunal han optado por confirmar la errada determinación del Tribunal de Apelaciones y, en consecuencia, mantener paralizado el presente caso. Nuevamente, no hay promesa para

---

[1] Aun cuando entendemos que lo contemplado en este Voto Particular Disidente es suficiente para disponer del presente caso, precisa aclarar aquí -- pues podría dar lugar a confusión -- que el término "*discharge*", según utilizado en la sección 304 (h) de PROMESA, *supra*, alude al mecanismo mediante el cual una deuda puede ser dispensada durante un procedimiento de quiebra. Esta dispensa, a su vez, opera como un *injunction* que impide, entre otras cosas, el comienzo o la continuación de cualquier reclamación monetaria por parte de un acreedor en contra del deudor. *Véase* 11 USC sec. 524(a) ("A discharge under this Section . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."). A pesar de que esta dispensa es distinguible de la paralización automática -- en tanto y cuanto la dispensa también puede conllevar un relevo de la deuda -- en términos procesales, su efecto en este caso sería exactamente el mismo.

En el presente pleito, resulta evidente que la deuda en concepto de honorarios de abogados bajo la ley IDEA es una que, conforme al texto claro de la ley PROMESA, no podrá ser objeto de dispensa en ningún momento durante la tramitación del procedimiento de quiebra. En atención a ello, y al estar en igual posición que un tribunal federal para determinar inicialmente la aplicabilidad y extensión de la paralización automática preceptuada en la ley PROMESA, *supra*, estimo improcedente hacer extensible la paralización automática a la causa de acción incoada por la peticionaria.

Y es que un análisis pragmático de las disposiciones legales atinentes justifica eximir de tal paralización el presente reclamo. Ello, puesto que el ELA nunca podrá ser relevado de satisfacer esta deuda y la paralización representaría un escollo más para una parte que ya prevaleció en su reclamo principal bajo la ley IDEA y pretende ser compensada por los gastos incurridos durante el trámite del mismo, derecho reconocido en el propio estatuto federal.

asegurar que los niños y niñas con necesidades especiales tengan acceso a una educación pública, adecuada y gratuita, que satisfaga sus necesidades particulares. Una vez más, disentimos.

IV.

Así las cosas, por los fundamentos antes expuestos, expediríamos el recurso de *certiorari* y revocaríamos la determinación del Tribunal de Apelaciones de paralizar el pleito.


Ángel Colón Pérez
Juez Asociado